UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 26, 2012

LETTER TO COUNSEL

RE: Kevin R. Heard v. Michael J. Astrue, Commissioner, Social Security;
Civil No. SAG-10-2762

Dear Counsel:

On October 5, 2010, the Plaintiff, Kevin R. Heard, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") (Paper No. 1). I have considered the parties' cross-motions for summary judgment (Paper Nos. 15 and 18), and Mr. Heard's response to Defendant's motion for summary judgment (Paper No. 19). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will vacate the agency's decision and will remand the matter for further proceedings. This letter explains my rationale.

The Appeals Council denied Mr. Heard's request for review (Tr. 1-3), so the decision of the Administrative Law Judge ("ALJ") is the final, reviewable decision of the agency. Mr. Heard's application was filed on January 9, 2007. (Tr. 110-123). Mr. Heard alleged that he became disabled on August 19, 2006. *Id.*

Mr. Heard presents three primary arguments on appeal. First, he argues that the ALJ's evaluation of his alleged failure to follow prescribed treatment contravened applicable law and regulations. (Paper No. 15 at 1). Second, he contends that the ALJ improperly rejected the opinions of his treating physicians. (Paper No. 15 at 1). Third, he posits that the ALJ erred by failing to include all of his functional limitations in the hypothetical question to the vocational expert ("VE") who testified at his hearing. (Paper No. 15 at 2).

I reject Mr. Heard's first argument because the ALJ did not base his denial of benefits on Mr. Heard's failure to follow prescribed treatment. In his opinion, the ALJ wrote:

Heard v. Commissioner, Social Security
Civil No. SAG-10-2762
January 26, 2012
Page 2

> The claimant admitted at the hearing that he had never sought any mental health treatment. His failure to seek treatment for depression reflects poorly on his credibility. On November 2, 2007, the claimant's primary care provider, Dr. Sabapathi, wrote that the claimant's prognosis was poor due to the claimant's noncompliance with his diet (Exhibit 15F, p.23). On February 12, 2009, the physician discussed dietary restrictions and gave the claimant diet sheets (Exhibit 16F, p. 11). On April 28, 2009, the claimant admitted to being noncompliant with this diet and eating lots of carbohydrates. Dr. Sabapathi told him to cut out all carbohydrate (Exhibit 16F, p.14). On May 14, 2009, and August 11, 2009, the claimant's physician strongly advised him to lose weight (Exhibit 16F, pp. 15, 19). On September 10, 2009, Dr. Sabapathi wrote that the claimant did not follow the physician's prescribed treatment of dietary restrictions (Exhibit 15F, pp. 14, 18 and 19; 16F, p. 18). The claimant's failure to follow prescribed treatment, absent good cause, requires a finding on "not disabled" (20 CFR 404.1530 and 416.930).

(Tr. 15-16). However, rather than ending the analysis at that point, the ALJ next assessed the medical opinions submitted by Mr. Heard's physicians and the state consulting physicians, and considered the testimony of the vocational examiner as to whether Mr. Heard's RFC permitted him to work. (Tr. 16-17). Ultimately, the ALJ concluded at step five that "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 17).

The parties take diverging views of the purpose of the paragraph from the ALJ's opinion that is quoted above. Claimant contends that the paragraph constitutes "the ALJ's unequivocal determination that the regulations at 20 CFR § 404.1530 require that Mr. Heard's claim be denied" (Pl. Reply at 5), while Defendant contends that the paragraph contains the explanation for the ALJ's adverse credibility assessment in the immediately preceding paragraph. While the ALJ's opinion is not a model of clarity, it is evident that the ALJ neither ended his inquiry nor based his decision on the claimant's failure to follow prescribed treatment. If the ALJ had found a failure to follow prescribed treatment at step four, pursuant to 20 CFR § 404.1530, the inquiry would have ended and benefits would have been denied. Instead, the ALJ determined Mr. Heard's residual functional capacity ("RFC") at step four, and, at step five, considered the VE's testimony about the capabilities of an individual with Mr. Heard's RFC. As a result, and because Mr. Heard's credibility is directly addressed within the paragraph, this Court believes that Defendant has the stronger position. Because the ALJ did not rely on 20 CFR § 404.1530 to reject Mr. Heard's claim, the ALJ's failure to follow the inquiry required in that provision does

Heard v. Commissioner, Social Security
Civil No. SAG-10-2762
January 26, 2012
Page 3

not require remand.  However, because the case is being remanded for the other reasons set forth below, the ALJ should revise the opinion either to include the inquiry required under 20 CFR § 404.1530[1] or to clarify the reasons for his adverse credibility determination.

Mr. Heard's second and third arguments are intertwined, and those arguments do establish cause for remand of this case.  Essentially, Mr. Heard contends that the ALJ improperly rejected the limitations described by his treating physicians in favor of the limitations recommended by non-examining sources, and did not include the appropriate limitations in the hypothetical presented to the VE.  Based on the ALJ's opinion, this Court is unable to assess whether substantial evidence supports the ALJ's reliance upon the non-examining sources.  The ALJ's opinion states:

> The residual functional capacity conclusions reached by the physicians and psychologists employed by the State Disability Determination Services also support a finding of 'not disabled.'  Although those physicians and psychologists were non-examining, their opinions do deserve some weight because there are a number of reasons to reach similar conclusions (as explained throughout this decision).

(Tr. 16).  The ALJ's decision does not contain any express analysis of the conclusions reached by the state non-examining medical professionals.  While it may be accurate to suggest that there are a number of reasons supporting the opinions of those consultants, it is not the role of this Court to guess what reasons the ALJ relied upon in reaching his determination.  Those reasons must be set forth in sufficient detail for this Court to evaluate whether or not the ALJ's conclusions were supported by substantial evidence.  *See See v. Washington Metro Area Transit Auth.*, 36 F.3d 375, 384 (4th Cir. 1994); *see also Schoofield v. Barnhart*, 220 F.Supp.2d 512, 519 (D.Md. 2002).  Because the ALJ did not fulfill that duty, the case must be remanded for further explication of the reasons underlying his determination.

However, some of the specific arguments advanced by Mr. Heard can be evaluated on the current record, and those arguments lack merit.  First, with respect to Dr. Khetarpal's assessment

---

[1] That inquiry, described in Social Security Ruling ("SSR") 82-59, includes four findings: (1) that the evidence must establish that the claimant's impairment precludes engaging in substantial gainful activity; (2) that treatment which is clearly expected to restore capacity to engage in SGA has been prescribed; (3) that the evidence discloses that there has been refusal to follow prescribed treatment; and (4) that the claimant has failed to show good cause for the failure, after having the opportunity to fully express the specific reasons for not following the prescribed treatment.  SSR 82-59.  It is worth noting that the hearing transcript reflects that Mr. Heard was not questioned about his failure to abide by the diet prescribed by his physicians.

Heard v. Commissioner, Social Security
Civil No. SAG-10-2762
January 26, 2012
Page 4

on the Impairment of Renal Functioning Questionnaire, the ALJ cited specific laboratory test results demonstrating that Claimant did not meet Listing 6.06, which requires persistent proteinuria for at least 3 months despite therapy.  (Tr. 13).  The fact that "several lab tests" may have exceeded the accepted limits does not show the persistence required to meet the Listing, and the ALJ's determination that Dr. Khetarpal's renal functioning opinion was entitled to only "little weight" is therefore supported by substantial evidence.  (Tr. 13).

      Second, Mr. Heard protests the Appeals Council's treatment of the RFC form prepared on April 20, 2010 by neurologist James Bernheimer, M.D. and submitted to the Appeals Council after the ALJ's decision.  No other records from Dr. Bernheimer appear in the file to corroborate the conclusions in his RFC.  Dr. Bernheimer's RFC does not contain any analysis to explain his conclusions, particularly as to the days Mr. Heard would be expected to miss work and his capacity for sitting and standing during the workday.  Dr. Bernheimer's RFC form does not indicate when he began treating Mr. Heard, which permitted the Appeals Council to disregard his opinion.  "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."  20 CFR §§ 404.970(b), 416.1470(b).  Given the lack of information provided to the Appeals Council, its failure to articulate the weight afforded to Dr. Bernheimer's opinion does not provide a basis for remand, as consideration of the conclusory, unsupported, and possibly untimely RFC would not have changed the outcome of the case.  *See Waters v. Astrue,* 495 F.Supp. 2d 512, 514 (D. Md. 2007).

      Third, the RFCs submitted from Doctors Khetarpal and Sabapathi in 2007 and 2008 do not merit the controlling weight sometimes afforded to "treating physicians."  At the time those particular RFCs were completed, the records indicate that Dr. Khetarpal had examined Mr. Heard twice, and Dr. Sabapathi had examined Mr. Heard once.[2]  The regulations provide for weight to be afforded to a doctor's opinion commensurate with that doctor's familiarity with the patient.  "When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source." 20 CFR § 404.1527(d)(2)(I).  Although Doctors Khetarpal and Sabapathi continued to treat Mr. Heard after they issued their RFCs, the opinions contained in those particular RFCs, rendered after only one or two examinations, cannot be said to contain a "longitudinal picture" of his impairment.

---

[2] Dr. Khetarpal completed his RFC on December 17, 2007, after examining Mr. Heard on October 15, 2007 and December 11, 2007.  Dr. Sabapathi examined Mr. Heard on November 2, 2007, and completed her RFC on February 7, 2008.

<u>Heard v. Commissioner, Social Security</u>
Civil No. SAG-10-2762
January 26, 2012
Page 5

      The fact that I am remanding the case for further proceedings does not indicate that I hold any opinion regarding Mr. Heard's eligibility for SSI or DIB. The ALJ's opinion, as written, simply does not permit me to conduct the required review for substantial evidence.

      For the reasons set forth herein, Plaintiff's motion for summary judgment (Paper No. 15) will be DENIED and Defendant's motion for summary judgment (Paper No. 18) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings consistent with this opinion. The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                  Sincerely yours,

                                   /s/

                                  Stephanie A. Gallagher
                                  United States Magistrate Judge